| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>ANTHONY G. BELL, #16001767,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE STATE OF NEW YORK,<br><br>                              Defendant.<br>----------------------------------------------------------------X<br>ANTHONY G. BELL, #16001767,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE NEW YORK STATE COMMISSION OF<br>CORRECTIONS, THOMAS A. BEILEIN, Chairman<br>of the NYS Commission of Corrections; PHYLLIS<br>HARRISON-ROSS, M.D., Commissioner, Commission<br>of Corrections; THOMAS J. LOUGHREN, Commissioner<br>Commission of Corrections,<br><br>                              Defendants.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br>**ORDER**<br>16-CV-3664(JMA)(AYS)<br><br><br><br><br><br><br><br><br>16-CV-3931(JMA)(AYS) |

**AZRACK, District Judge:**

On June 22, 2016, incarcerated *pro se* plaintiff Anthony G. Bell ("plaintiff") filed an *in forma pauperis* complaint against the State of New York ("NYS") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights ("*Bell I*"). On July 11, 2016, plaintiff filed another *in forma pauperis* complaint ("*Bell II*") against the New York State Commission of Corrections ("NYSCOC") as well as three individuals alleged to be officers of the NYSCOC, Thomas Beilein ("Beilein"), Phyllis Harrison-Ross, M.D. ("Harrison-Ross"), and Thomas J. Loughren ("Loughren") also pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Bell II*

1

alleges a deprivation of plaintiff's constitutional rights based on the same set of facts alleged in *Bell I*. Because the complaint in *Bell II* is repetitive of the claims alleged in the complaint filed in *Bell I*, the Court consolidates them under the first filed complaint, 16-3664(JMA)(AYS), and directs that the case assigned docket number 16-3931(JMA)(AYS) be closed. All future filings shall be made only under docket number 16-3664(JMA)(AYS).

For the reasons that follow, the Court grants plaintiff's requests to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I.   BACKGROUND[1]

Plaintiff is no stranger to Court. Since May 25, 2016, plaintiff has filed eleven (11) *in forma pauperis pro se* complaints.[2] Plaintiff's sparse allegations seek to challenge the conditions of his confinement during his incarceration at the Nassau County Correctional Center. The "Statement of Claim" in Bell I alleges, in its entirety:[3]

> (1) I am on SSI. I have HIV, Hep B, sleep apnea, high blood pressure and other ailments. Since I came to Nassau County Corrections I have been trying to get my CPAP machine fixed. Since they cut your Medicade I have no way of getting it fixed and the Jail won't do it either. This has been going on since Feb 15, 2016 till present. (2) Also the State Committee that governs the Jail is a joke they come here don't ask the prisoners anything especially in medical. And this Jail medical is filthy with mold, rust.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] See 16-CV-2687(JMA)(AYS) Bell v. Cnty. of Nassau, et al.; 16-CV-2688(JMA)(AYS) Bell v. City of Long Beach, LI, NY; 16-CV-2959(JMA)(AYS) Bell v. Sposato, et al.; 16-CV-2960(JMA)(AYS) Bell v. Granada Towers Condominium, et al.; 16-CV-3521(JMA)(AYS) Bell v. City of Long Beach; 16-CV-3385(JMA)(AYS) Bell v. Bogle; 16-CV-3664(JMA)(AYS) Bell v. State of New York; 16-CV-3665(JMA)(AYS) Bell v. Armor Corr. Health, Inc., et al.; 16-CV-3931(JMA)(AYS) Bell v. New York State Comm. of Corr.et al.; 16-CV-4683(JMA)(AYS) Bell v. Nassau Cnty., et al., 16-CV-4639(JMA)(AYS) Bell v. Armor Corr. Health Inc., et al.

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(*Bell I* Compl. at ¶ IV.)   In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges "(1) keep getting infections because of the lack of concerns (2) when I use CPAP nose bleeds every day (3) they have no concern for HIV patients as far as medical needs and nutrition." (*Id.* at ¶ IV.A.)   For relief, plaintiff seeks to recover a monetary damages award against NYS in the sum of $10 million as well as "[t]o change the way they do things."   (*Id.* at ¶ V.)

Like the allegations in *Bell I*, the allegations in *Bell II* are brief.   The single sentence "Statement of Claim" alleges: "The Commission of Corrections is a Do Nothing agency that has violated my rights as an HIV patient from Feb 2016 till present and in part responsible for my sleep apnea machine not getting fixed."   (*Bell II* Compl. ¶ IV.)   In the space on the form complaint that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "Because of them I've had boils under my arms and stomach area.   Also they are responsible for me not getting the right treatment for HIV."   (*Id*. ¶ IV.A.)   For relief, plaintiff seeks to recover a monetary damages award in total sum of $35 million.   (*Id*. ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Applications

Upon review of plaintiff's declarations in support of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

3

**B.     Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft

4

v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

5

1. **Section 1983 Claim Against NYS, the NYSCOC, Beilein, Harrison-Ross and Loughren in their Official Capacities**

In interpreting the Eleventh Amendment, the Supreme Court has consistently held that "nonconsenting states may not be sued by private individuals in federal court." Bd. of Trustees v. Garret, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity extends to state officials acting in their official capacities. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). Congress has not abrogated Eleventh Amendment immunity for claims under § 1983, nor has New York waived immunity for such claims. See, e.g., Sherman v. Harris, No. 11-CV-4385 (DLI) (JMA), 2012 WL 4369766, at *5 (E.D.N.Y. Sept. 24, 2012). Here, plaintiff names NYS and three state officials, Beilein, Harrison-Ross and Loughren, in their official capacities. Accordingly, plaintiff's claims for monetary damages against NYS and the individuals in their official capacities are barred by the Eleventh Amendment and are, thus, dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

2. **Section 1983 Claims Against Beilein, Harrison-Ross and Loughren in their Individual Capacities**

Although far from clear from the sparse complaint in *Bell II*, to the extent that plaintiff seeks to impose Section 1983 liability against Beilein, Harrison-Ross and Loughren in their individual capacities, he has not alleged a plausible claim against any of them. Apart from the caption of *Bell II*, none of these individuals is mentioned again in the body of the complaint and plaintiff has not included any factual allegations of conduct or inaction attributable to any of them. (See *Bell II* at ¶ IV.) Thus, it appears that plaintiff seeks to impose liability against these individuals based solely upon the supervisory positions they hold. However, "each defendant must have been personally involved in the alleged constitutional violation" in order to be held

6

liable under Section 1983. Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006); see also Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987). Plaintiff's complaints fail to plausibly allege the personal involvement of Beilein, Harrison-Ross or Loughren in any constitutional violations. Accordingly, plaintiff's Section 1983 claims against Beilein, Harrison-Ross or Loughren are dismissed in their entirety without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (holding that complaint based upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law.").

### D.   Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to

amend his complaints. Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order.

Plaintiff is cautioned that, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment, he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, No. 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "To establish an Eighth Amendment violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'"[4] Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, No. 09-Civ-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness or of deliberate indifference to his medical needs). "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The United States Supreme Court has stated that the subjective element "entails something more than mere

---

[4]Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71-72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994).

Plaintiff's amended complaint must be labeled as an "amended complaint," bear only docket number 16-CV-3664(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include any allegations he wishes to pursue in the amended complaint. Further, if plaintiff does not file an amended complaint within thirty (30) days, all of his claims will be dismissed with prejudice, judgment will enter, and this case will be closed.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed *in forma pauperis* are granted, but the complaints are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear only docket number 16-CV-3664(JMA)(AYS), and must be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to pro se plaintiff.

**SO ORDERED.**                                          ____/s/ (JMA)_____
                                                                          Joan M. Azrack
Dated:  November 22, 2016                        United States District Judge
            Central Islip, New York

9